IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED ASSOC. OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL NO. 360, et al.,<br><br>                        Plaintiffs,<br><br>vs.<br><br>HUBERT PLUMBING & HEATING CO., INC.,<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)  Case No. 21-cv-01088-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER AND JUDGMENT OF DEFAULT**

**YANDLE, District Judge:**

      This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 13). Plaintiffs filed the instant action against Defendant Hubert Plumbing & Heating Co., Inc. on September 2, 2021, alleging violations of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185 *et seq*. and the Employment Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132, *et seq*. for delinquent fringe benefit contributions (Doc. 1). Defendant was served with a copy of the summons and Complaint on September 25, 2021 (Doc. 5). Defendant failed to answer Plaintiffs' Complaint or otherwise plead, and a Clerk's Entry of Default was made on October 26, 2021 (Doc. 10).

**Factual Background**

      At all relevant times, Defendant Hubert Plumbing & Heating Co., Inc. was a party to collective bargaining agreements ("CBA") with Plaintiff United Association of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local No. 360 ("Union"). Pursuant to the operative CBAs, Hubert and the Union adopted and ratified various Trust Agreements relating to

the Trust Funds, by which Hubert was required to make contributions to the Trust Funds, the Industry Advancement Fund, the Great South-Western Illinois Association of Plumbing, Heating, Cooling, Mechanical Contractors – U.A. Safety Education & Training Fund ("SET Fund"), and the Great South-Western Illinois Association of Plumbing, Heating, Cooling, Mechanical Contractors Substance Abuse Policy Trust Fund ("SAPT Fund") pursuant to formulas set forth therein, to remit union dues to the Union, and to file monthly contribution report forms. Hubert failed and refused to submit fringe benefit contributions due.

The CBAs and Trust Agreements authorized Plaintiffs to conduct a financial examination of Hubert's books and records to determine the full amounts owed. Further, the terms of the Trust Agreements bound Hubert to pay liquidated damages, interest, court costs, and attorneys' fees in actions to collect delinquent contributions. Relatedly, under ERISA, the Court should award unpaid contributions, interest on the unpaid contributions, liquidated damages in an amount equal to the interest or in the amount set forth in the plan, and reasonable attorneys' fees and costs.

Plaintiffs seek a total of $90,064.25 on default; $78,558.75 in unpaid and delinquent fringe benefit contributions and interest plus reasonable attorneys' fees, court costs, and accounting costs.

## Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seek the following damages on default for the actual amount due and owing:

a. $78,558.75 in delinquent fringe benefit contributions and interest;

b. $1,673.00 in attorneys' fees;

c. $586.00 in court costs; and,

d. $9,246.50 in accounting costs.

The Court finds that the damages on default are ascertainable without the necessity of a hearing (*see* Docs. 1; 13-1; 13-2; and 13-3). Accordingly, Plaintiffs' Motion is **GRANTED**. Default Judgment is entered in favor of Plaintiffs and against Defendant; Plaintiffs are awarded damages in the amount of $90,064.25. The Clerk of Court is **DIRECTED** to enter Judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: February 14, 2023**

**STACI M. YANDLE**
**United States District Judge**